IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AFSCME LOCAL 590 HEALTH AND WELFARE FUND, by and through its Board of Trustees, Yvonne Harris, Jalil M. Shafi, Lloyd Frank, and Angela Cabrera, | : : : : : : | |
| Plaintiffs | : : | CIVIL ACTION |
| v. | : : | NO. _____ |
| O'NEILL CONSULTING CORPORATION, | : : : : | |
| Defendant. | : | |

## COMPLAINT

Plaintiffs, AFSCME Local 590 Health and Welfare Fund (the "Fund"), by and through its Board of Trustees, Yvonne Harris, Jalil M. Shafi, Lloyd Frank, and Angela Cabrera, bring this action on behalf of their participants and beneficiaries against Defendant O'Neill Consulting Corporation ("O'Neill") under Sections 404 (breach of fiduciary duty), 409 (liability for breach of fiduciary duty), and 502 (civil enforcement) of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1104, 1109, and 1132. The Fund seeks an order directing O'Neill to restore losses to the Fund caused by its failure to administer the Fund in accordance with its Administrative Services Agreement with the Fund and its duties as a fiduciary.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2).

2. Venue is proper in this District pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b), as Defendant conducts its business at its offices located in Wayne, Pennsylvania.

## PARTIES

3. Plaintiff Fund is a jointly administered employee welfare plan within the meaning of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5) and ERISA, 29 U.S.C. §§ 1002(1), (37).  The Fund's business address is 20 Brace Road, Suite 114, Cherry Hill, New Jersey 08034-2635.

4. The Fund provides prescription drug benefits to participating employees of the University of Pennsylvania Library Department.  Employees' spouses and eligible dependents also participate in the Fund.

5. The Fund is administered by a Board of Trustees ("Trustees") in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing health and welfare benefits to its participants and defraying the reasonable expenses of administering the welfare plan, in accordance with section 404 of ERISA, 29 U.S.C. § 1104.  The Fund receives contributions from the University of Pennsylvania in accordance with the University's collective bargaining agreement with AFSCME Local 590.

6. Plaintiffs Yvonne Harris, Jalil M. Shafi, Lloyd Frank, and Angela Cabrera are Trustees of the Fund pursuant to the Fund's Agreement and Declaration of Trust ("Fund Trust Agreement").  A true and correct copy of the Fund Trust Agreement is attached to the Complaint as Exhibit A.  Harris, Shafi, Frank, and Cabrera are

fiduciaries of the Fund as such term is defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7. At all times relevant to this action, Defendant O'Neill served as the Fund's third party administrator as defined by Section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A).

**FACTUAL ALLEGATIONS**

8. Under the terms of the Trust Agreement, the Trustees were authorized to enter into a contract with a third person, firm or corporation for the processing of claims, the payment of benefits, collection of and receipt of contributions, payment of premiums, and the performance of any other administrative or clerical work for the Fund. *Exhibit A, § 5.4(b).*

9. On December 1, 2005, the Fund hired O'Neill to serve as the Fund's third party administrator as defined by Section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A). In doing so, the Fund and O'Neill entered into an Administrative Services Agreement ("Agreement"). A true and correct copy of the Administrative Services Agreement is attached to the Complaint as Exhibit B.

10. The Agreement sets forth in detail the services that O'Neill agreed to provide to the Fund as the third party administrator. *See* Ex. B.

11. Under the Agreement, O'Neill's duties to the Fund includes reviewing all premium payments to Independence Blue Cross for accuracy and participant eligibility; revising, as necessary, Independence Blue Cross billing based on eligibility; notifying Independence Blue Cross of additions or terminations on a monthly basis; and processing and issuing payments to Independence Blue Cross. *See* Ex. B, p. 3.

12. Beginning in 2015, O'Neill's then-President, Sue O'Neill, began transferring the day-to-day operations of O'Neill to John O'Neill and Pam Munnelly.

13. Following the transfer of O'Neill's operations to Mr. O'Neill and Ms. Munnelly, the Trustees discovered errors in O'Neill's administration of the Fund.

14. As a result, on May 3, 2018 the Fund terminated O'Neill.

15. Following O'Neill's termination, the Fund hired a new third party administrator, Benefit Processing, Inc. ("Benefit Processing").

16. Benefit Processing conducted an audit of payments by the Fund to Independence Blue Cross for prescription drug coverage.

17. The audit revealed that, starting in 2014, O'Neill failed to terminate the prescription drug coverage for multiple individuals who were no longer Fund participants. This failure resulted in the Fund erroneously paying approximately $169,546.43 in prescription drug premiums between 2014 and 2019 on behalf of individuals who were not Fund participants to Independence Blue Cross. A true and correct copy of the audit results are attached to the Complaint as Exhibit C.

18. Before the audit was conducted, the Fund had no way of knowing that the Fund was paying prescription drug premiums for individuals who were no longer Fund participants.

19. As the third party administrator, O'Neill's failure to terminate prescription drug coverage for individuals who were no longer Fund participants was an exercise in discretionary authority and discretionary control in dispersing Fund monies in a manner not authorized by the Trustees and inconsistent with the Agreement.

20. By exercising discretion and control over the administration of the Fund, O'Neill was a fiduciary with respect to the Fund as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A)(i).

## ERISA ENFORCEMENT

21. The Fund, pursuant to Section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), has the authority to obtain appropriate relief under Section 409 of ERISA, 29 U.S.C. § 1109, including restoration of Fund losses caused by a fiduciary's breach of its duties to the Fund.

## COUNT I
### Fiduciary Breach

22. The Fund adopts by reference the averments and allegations of paragraphs 1 through 21 above as though fully set forth herein.

23. The Agreement between the Fund and O'Neill identifies O'Neill as the third party administrator of the Fund. *See* Ex. B.

24. As the Fund's third party administrator, O'Neill was responsible for carrying out the ministerial duties as described in the Agreement, determining the eligibility of individuals to be either Fund participants and/or beneficiaries, and if so, to pay for premiums on their behalf to Independence Blue Cross. *See* Ex. B, p. 3

25. O'Neill acted as a fiduciary to the Fund as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) by exercising discretionary responsibility in the administration of the Fund through making eligibility and payment for the Fund's participants and beneficiaries.

26. O'Neill breached its fiduciary duty to the Fund by dispersing Fund monies in a manner not authorized by the Trustees and not consistent with the terms of the

Agreement. Specifically, O'Neill breached its fiduciary duty to the Fund by making payments for prescription drug premiums to Independence Blue Cross on behalf of individuals who were no longer Fund participants, thereby causing the Fund to suffer a financial loss of $169,546.43.

27. As a fiduciary, O'Neill violated its duty of prudence under 29 U.S.C. § 1104(a)(1)(B) by failing to determine the eligibility of individuals seeking coverage by the Fund and, as a result, directing the payment of benefits for ineligible individuals.

28. As a fiduciary, O'Neill violated its duty to administer the Fund in accordance with Fund documents, in violation of Section 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), including the Administrative Services Agreement, which required O'Neill to determine the eligibility of individuals seeking coverage by the Fund and, as a result, directing the payment of benefits for ineligible individuals.

29. As a result of the foregoing breaches of its fiduciary duties and statutory duties, O'Neill caused monetary losses to the Fund in the amount of $169,546.43 and is liable under 29 U.S.C. § 1109(a).

**WHEREFORE,** the Fund prays the Court enter the following relief:

(a) That the Court enter judgment in favor of Plaintiffs and against O'Neill, and that O'Neill be ordered to restore to the Fund all losses, including interest, attorneys' fees and costs, which were caused by its fiduciary breaches, and

(b) That the Court order such other relief that the Court deems just and appropriate.

## COUNT II
### Breach of Contract

30. The Fund adopts by reference the averments and allegations of paragraphs 1 through 29 above as though fully set forth herein.

31. O'Neill and the Fund entered into an Administrative Services Agreement on December 1, 2005 ("Agreement"). *See* Ex. B.

32. The terms of the Agreement require that O'Neill determine the eligibility of individuals to be either Fund participants and/or beneficiaries.

33. O'Neill failed to accurately determine the eligibility of some individuals for Fund benefits.

34. As a result of O'Neill's failure to fulfill its duties under the Agreement, the Fund paid $169,546.43 in prescription drug premiums for individuals who were not eligible to receive Fund benefits.

35. The failure of O'Neill to fulfill its duties under the Agreement is a material breach of the Agreement.

36. The breach has caused the Fund injury in amount of $169,546.43.

**WHEREFORE,** the Fund prays the Court enter the following relief:

(a) That the Court enter judgment in favor of the Fund and against O'Neill in the amount of $169,546.43, and that O'Neill be ordered to restore all losses, and

(b) That the Court order such other relief that the Court deems just and appropriate.

Respectfully submitted,

WILLIG, WILLIAMS & DAVIDSON

\_\_\_/s/ Jessica R. Brown_____
JESSICA R BROWN, ESQUIRE
PA 87322
KELLY ANN BROGAN, ESQUIRE
PA 74319
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Office: 		(215) 656-3629 (JRB)
Office: 		(215) 656-3631 (KAB)
Facsimile 	(215) 656-3629
Email 		jbrown@wwdlaw.com
		kbrogan@wwdlaw.com

*Counsel to Plaintiff AFSCME LOCAL 590 Health and Welfare Plan and its Board of Trustees*

Dated:  May 7, 2021