IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**AFSCME LOCAL 590**
**HEALTH AND WELFARE FUND, et al.**

                **Plaintiffs**

                CIVIL ACTION

                NO. 2:21-CV-02116-TJS

      v.

**O'NEILL CONSULTING**
**CORPORATION**

                **Defendant**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DIMISS DEFENDANT'S COUNTERCLAIM**

Plaintiff, AFSCME Local 590 Health and Welfare Fund (the "Fund"), by and through its Board of Trustees, Yvonne Harris, Jalil M. Shafi, Lloyd Frank, and Angela Cabrera ("Board of Trustees") by and through undersigned counsel, submits this Memorandum of Law in Support of its Motion to Dismiss Defendant, O'Neill Consulting Corporation's ("O'Neill") Counterclaim.

**I**.      **INTRODUCTION**

The Fund commenced this action against O'Neill under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. § 1001, *et seq*. The Fund seeks an order directing O'Neill to restore losses to the Fund caused by its failure to administer the Fund in accordance with its Administrative Services Agreement with the Fund and its duties as a fiduciary. In response, O'Neill has filed a Counterclaim against the Board of Trustees. In this Counterclaim, O'Neill seeks to be absolved of liability on the basis of contribution and indemnity.

## II.     FACTS AND PROCEDURAL POSTURE

The Fund is a jointly administered employee welfare plan within the meaning of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5) and ERISA, 29 U.S.C. §§ 1002(1), (37). (Complaint ¶ 3, ECF No. 1). The Fund provides prescription drug benefits to participating employees of the University of Pennsylvania Library Department. Employees' spouses and eligible dependents also participate in the Fund. (Complaint ¶ 4, ECF No. 1).

On December 1, 2005, the Fund hired O'Neill to serve as the Fund's third-party administrator as defined by Section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A). In doing so, the Fund and O'Neill entered into an Administrative Services Agreement ("Agreement"). (Complaint ¶ 9, ECF No. 1). Under the Agreement, O'Neill's duties to the Fund include reviewing all premium payments to Independence Blue Cross for accuracy and participant eligibility; revising, as necessary, Independence Blue Cross billing based on eligibility; notifying Independence Blue Cross of additions or terminations on a monthly basis; and processing and issuing payments to Independence Blue Cross. (Complaint ¶ 11, ECF No. 1).

In 2018, the Fund terminated O'Neill and hired a new third-party administration, Benefit Processing Inc. ("BPI"). (Complaint ¶¶ 14-15, ECF No. 1). BPI conducted an audit of payments by the Fund to Independence Blue Cross for prescription drug coverage. (Complaint ¶ 16, ECF No. 1). The audit revealed that, starting in 2014, O'Neill failed to terminate the prescription drug coverage for multiple individuals who were no longer Fund participants. This failure resulted in the Fund erroneously paying approximately $169,546.43 in prescription drug premiums between 2014 and 2019 on behalf of individuals who were not Fund participants to Independence Blue Cross. (Complaint ¶ 17, ECF No. 1).

On May 7, 2021, the Fund, through its Board of Trustees filed this action against O'Neill seeking to recover the $169,546.43 in prescription drug premiums, interest, costs, and attorneys' fees that resulted from O'Neill's failure to properly terminate prescription drug coverage. (Complaint, Count I and II, ECF No. 1).

O'Neill filed its Answer, Defenses, and Counterclaim to the Complaint on July 6, 2021. (ECF No. 13). In its Answer, O'Neill did not dispute the facts as set forth above. O'Neill also filed a Counterclaim of "Contribution and Indemnity" against the Board of Trustees individually and collectively.

### III.     ARGUMENT

#### A.     Standard for Motion to Dismiss

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim, showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Allegations in counterclaims are held to the same pleading standards as allegations in complaints. *RAH Color Techs. LLC, Ricoh USA, Inc.,* 194 F. Supp. 3d 346, 347 (E.D. Pa 2016); *Tyco Fire Prod. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 898 (E.D.PA. 2011); *PPG Indus., Inc. v. Generon IGS, Inc.*, 760 F. Supp. 2d 520 (W.D. Pa. 2011). The purpose of Rule 12(b)(6) is to dismiss claims which, however true the allegations in the pleading are, "could not raise an entitlement of relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, while a court must accept as true, all the factual allegations contained in the

complaint (or counterclaim), legal conclusions drawn from those facts are not afforded such deference. *Id*. (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir 2009) (conclusory allegations are insufficient to survive a motion to dismiss); *Sch. Bd. v. M.P.,* 2016 U.S. Dist. LEXIS 150608 *19 (M.D. Fla. 2016) (The Court need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments) (citations omitted).

Second, a complaint (or counterclaim) must allege facts that give rise to a plausible claim for relief. Under the plausibility standard, a complaint or counterclaim must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. While the plausibility requirement does not impose a "probability requirement," *id*. at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Holmes v. Gates,* 403 Fed. Appx. 670, 673 (3d Cir. 2010) (the Federal Rules require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citations omitted). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. The bottom line is that a plaintiff must nudge his claims "over the line from conceivable to plausible to resist dismissal." *Gillins v. Nothstein,* 2020 U.S. Dist. LEXIS 142375, *12 (E.D. Pa. 2020) (internal quotation marks omitted).

Applying these principles to the allegations contained in O'Neill's Counterclaim, it is evident that it fails to allege a plausible claim for relief.

### B. The Counterclaim Should Be Dismissed Because It Fails to State a Claim on which Relief Can Be Granted.

O'Neill's Counterclaim simply states, in conclusory fashion, that the injury caused the Fund was due to "individual and/or collective actions, inactions, omission, and/or breaches of fiduciary duty" of the Board of Trustees. (Counterclaim ¶¶ 4, 6, ECF No. 13). O'Neill offers no facts in support of its assertions that the Board of Trustee's "careless" actions were responsible for the injuries to the Fund. (Affirmative Defenses, ¶ 12, ECF No. 12). Instead, O'Neill's Counterclaim simply is an unadorned "it's-the-Plaintiff's-fault-not-mine-accusation." This type of fact-less allegation is insufficient to state a claim. *See Wash. Cty Family Entm't. LLC v. RNN Entm't Inc.*, 2018 U.S. Dist. LEXIS 94518, *6-7 (W.D. Pa. 2018), *adopted by,* 2018 U.S. Dist. LEXIS 220811 (W.D. PA. 2018); *Attanasio v. Cmty. Health Sys.*, 2011 U.S. Dist. LEXIS 121764, *18 (M.D. Pa. 2011). Consequently, O'Neill's Counterclaim should be dismissed.

## IV. **CONCLUSION**

O'Neill's claims set forth in the Counterclaim are legally deficient. O'Neill has failed to plead sufficient facts to establish that the Board of Trustee's should be liable under either the doctrine of contribution or indemnification. On these grounds, O'Neill's Counterclaim should be dismissed.

                                      Respectfully submitted,

                                      WILLIG, WILLIAMS & DAVIDSON

                                      /s/ Jessica R. Brown  
                                      JESSICA R BROWN, ESQUIRE  
                                      PA ID 87322  
                                      KELLY ANN BROGAN, ESQUIRE  
                                      PA ID 74319  
                                      1845 Walnut Street, 24th Floor  
                                      Philadelphia, PA  19103  

| | |
|---|---|
| Office: | (215) 656-3629 (JRB) |
| Office: | (215) 656-3631 (KAB) |
| Facsimile | (215) 656-3629 |
| Email | jbrown@wwdlaw.com |
| | kbrogan@wwdlaw.com |

*Counsel to Plaintiff AFSCME LOCAL 590 Health and Welfare Plan and its Board of Trustees*

Dated:  August 13, 2021